O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09-6486 ODW (AGRx) | Date | November 5, 2009 |
|---|---|---|---|
| Title | *Hope Witkowsky, et al. v. Home Depot USA, Inc.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | | |
|---|---|---|---|
| Raymond Neal | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):** **Order Denying Plaintiffs' Motion to Remand [18]**

## I.      INTRODUCTION

Plaintiffs Hope and Michael Witkowsky bring this action, individually and on behalf of all persons similarly situated, against Home Depot USA, Inc. Plaintiffs allege they purchased flooring and installation services from Home Depot in March, 2006. (Fourth Amended Complaint "FAC" ¶ 5.) Plaintiffs claim they were overcharged because the fees for those installation services (1) were based on the total amount of flooring that Plaintiffs purchased from Home Depot and (2) the total amount of flooring purchased exceeded the amount of flooring actually installed. (*Id.*, ¶¶ 13-14.) Plaintiffs claim that Home Depot's alleged practice of overcharging for installation services is a breach of contract, which violates the Consumer Legal Remedies Act and Unfair Competition Law. Plaintiffs seek to maintain these claims on behalf of themselves and a nationwide class of consumers "who purchased flooring materials from or through Home Depot and who paid installation fees on flooring that was never installed by Home Depot, commencing four years prior to the filing of this action." (*Id.*)

This court previously remanded this action to state court, after finding that Home Depot failed to establish the $5,000,000 jurisdictional amount under the Class Action Fairness Act ("CAFA"). Home Depot removed this action back to this court and Plaintiffs now move to remand once again.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6486 ODW (AGRx) | Date | November 5, 2009 |
|---|---|---|---|
| Title | *Hope Witkowsky, et al. v. Home Depot USA, Inc.* | | |

## II.   DISCUSSION

    A.   CAFA Jurisdiction

Under CAFA, district courts are vested with "original jurisdiction 'of any civil action in which . . . the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs,' and in which the aggregate number of proposed plaintiffs is 100 or greater, and any member of the plaintiff class is a citizen of a state different from any defendant." *Lowdermilk v. United States Bank Nat'l Ass'n,* 479 F.3d 994, 997 (9th Cir. 2007) (quoting 28 U.S.C. § 1332(d)).

Where, as here, "the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Davis v. Chase Bank U.S.A., N.A.,* 453 F. Supp. 2d 1205, 1208 (C.D. Cal. 2006) (citing *Abrego v. Dow Chemical Co.,* 443 F.3d at 683 (9th Cir. 2006)). "Under this standard, the defendant must provide evidence that it is 'more likely than not' that the amount in controversy satisfies the federal diversity jurisdictional amount requirement." *Davis,* 453 F. Supp. 2d at 1208 (citing *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir.1996)). "In its discretion, a district court may accept certain post-removal admissions as determinative of the amount in controversy." *Id.*

Relying on Plaintiffs' allegations, as well as the declaration of Scott Donaldson, Home Depot's Manager of Services Finance, Home Depot contends that the $5,000,000 jurisdictional amount is met in this case. To begin, Plaintiffs claim that Home Depot charges installation fees based on the amount of flooring purchased, which usually exceeds the amount actually installed. (FAC ¶¶ 13-14.) Indeed, according to Plaintiffs, Home Depot systematically over-estimates, by a "predetermined percentage," the amount of flooring to be installed and then "overcharges" for installation services by basing the charge for such services on an "inflated" flooring materials estimate. (*See* Opp'n at 12; FAC ¶ 13.) Thus, under Plaintiffs' theory of recovery, Home Depot overcharges the customer every time it charges an installation fee based on the total amount of materials purchased and handled. (Opp'n at 13.)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6486 ODW (AGRx) | Date | November 5, 2009 |
|---|---|---|---|
| Title | *Hope Witkowsky, et al. v. Home Depot USA, Inc.* | | |

Home Depot next declares that during the class period – 2004 to 2008 – it "provided flooring installation services to customers and based the charges for such services on the square footage of flooring material purchased and handled . . . in over 5.9 million transactions." (Opp'n at 12; *see also* Donaldson Decl., ¶ 3.)[1] Plaintiffs do not dispute this figure, or the corresponding $2.5 billion in revenue, arguing instead that the figure does not represent the prospective class. (*See* Reply at 2) ("The Donaldson declaration [] only states that there are 5.9 million purchasers of flooring installation services, and sheds no light on how many of those customers 'paid installation fees on flooring *that was never installed*.'") (emphasis in original). This argument, however, fails to consider the declaration in light of Plaintiffs' theory of recovery.

According to Plaintiffs, Home Depot routinely overcharges customers by basing the installation fee on the amount of flooring purchased, not the amount installed. In fact, "as much as 10% of the flooring purchased was not [] intended to be installed." (FAC ¶ 13.) The Donaldson declaration specifies that 5.9 million customers were charged installation fees based on the amount of flooring purchased for a total of $2.5 billion. Accordingly, every time Home Depot charges installation fees based on the amount of flooring purchased – 5.9 million instances according to the Donaldson declaration – it overcharges its customers by approximately 10 percent. Necessarily, then, Home Depot is responsible for 5.9 million violations, generating $2.5 billion in revenues, and overcharging its customers by at least $250 million. **10% X $2.5 billion**

Alternatively, Plaintiffs seek no less than $100 in damages. (*See* Exh. B to Notice of Removal.) If Plaintiffs' damages claim is at all typical of the purported class, then the amount in controversy would be $590 million. **5.9 million X 100** Finally, even were the recovery limited to $1 for each class member, CAFA's $5,000,000 jurisdictional amount would still be met – based on the 5.9 million figure corresponding to Plaintiffs' theory of recovery. The court thus finds that Home Depot has shown it is "more likely than not" that the amount in controversy satisfies CAFA.

---

[1] Curiously, this figure has been redacted from the Donaldson declaration, but is provided in Home Depot's Opposition. Plaintiffs raise no objection, but rather accept the 5.9 million figure.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6486 ODW (AGRx) | Date | November 5, 2009 |
|---|---|---|---|
| Title | *Hope Witkowsky, et al. v. Home Depot USA, Inc.* | | |

## III.  CONCLUSION

Based on Plaintiffs' own theory of recovery, the court finds that Home Depot has established the jurisdictional amount in controversy by a preponderance of the evidence. Plaintiffs' motion to remand is therefore DENIED.

**SO ORDERED**

|  | ---- | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | RGN | |